# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LANCE E. SPEAKE,

 Petitioner,

vs.

D. NEVEN, *et al.*,

 Respondents.

Case No. 2:13-cv-02015-JAD-NJK

**ORDER**

 This action is a *pro se* petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 by a Nevada state prisoner. Respondents move to dismiss the petition as time-barred because it was filed long after the one-year statute of limitations for federal habeas corpus petitions ran. Doc. 8. I find that the petition was fatally late and that petitioner has not demonstrated any basis for equitable tolling of the filing deadline, and I grant the motion to dismiss.

**I. Procedural History**

 On March 23, 2009, in the Eighth Judicial District Court in Clark County, Nevada, pursuant to a plea agreement, a judgment of conviction was entered against petitioner for the offense of felony incest. Exhibit 6. Petitioner was sentenced to a term of life with a minimum parole eligibility of 72 months. *Id.* In his plea agreement, petitioner waived the right to appeal the conviction "unless the appeal is based upon reasonable constitutional jurisdictional or other grounds that challenge the legality of the proceeding and except as otherwise provided in subsection 3 of NRS 174.053." Exhibit 3, at p. 4. Petitioner did not file a direct appeal of his conviction.

 On February 28, 2012, petitioner filed a *pro se* post-conviction habeas petition in the state district court. Exhibit 18. By order filed September 21, 2012, the state district court denied the petition as time-barred pursuant to NRS 34.726 and found that petitioner failed to show good cause or actual prejudice sufficient to excuse his failure to file a timely petition. Exhibit 23. Petitioner

appealed the denial of his post-conviction habeas petition. Exhibit 24. On April 9, 2013, the Nevada Supreme Court affirmed the denial of the petition as untimely under NRS 34.726 and ruled that petitioner had not shown good cause to excuse his failure to file a timely petition. Exhibit 28. On June 12, 2013, the Nevada Supreme Court denied petitioner's motion for rehearing. Exhibit 29. Remittitur issued on July 9, 2013.

      Petitioner dispatched his *pro se* federal habeas petition to this court on October 29, 2013. Doc. 5, at p. 1, item 5. Respondents filed the instant motion to dismiss the petition. Doc. 8. Petitioner then filed a document entitled "motion of points and authorities and criminal laws." Doc. 11. Respondents oppose petitioner's motion, which the court now construes as an opposition to the motion to dismiss. Respondents have indicated that, to the extent the court construes petitioner's motion as an opposition to the motion to dismiss, respondents do not seek to file a reply to the opposition. Doc. 12, at p. 2. This matter being fully briefed, the court now considers the motion to dismiss the petition.

**II. Discussion**

      Respondents argue that the federal petition was untimely filed. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the laws controlling federal habeas corpus practice to impose a one-year statute of limitations on the filing of federal habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways—either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Once the judgment of conviction becomes final, the petitioner has 365 days to file a petition for relief under 28 U.S.C. § 2254, with tolling of the time for filing during the pendency of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d)(1), (2). A habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).

A criminal defendant in Nevada has thirty days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b). If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking that review elapses. 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d at 898. Once the judgment of conviction is final, the defendant has 365 days to file a federal habeas petition. 28 U.S.C. § 2244(d).

In the present case, the judgment of conviction was entered on March 23, 2009. Exhibit 6. Petitioner did not file a direct appeal of his judgment of conviction. The time for directly appealing the judgment of conviction expired thirty days later, on April 22, 2009, which is the date of finality of the conviction. The AEDPA statute of limitations expired one year later, on April 22, 2010. The first page of the federal habeas petition indicates that the petition was dispatched (given to prison

staff for mailing) to this court on October 29, 2013.  Doc. 5, at p. 1, item 5.  This court deems the petitioner's federal petition to be filed on October 29, 2013.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing).  Accordingly, the federal petition is untimely by over three years.

The court notes that petitioner's state post-conviction habeas petition, which was untimely filed on February 28, 2012, did not statutorily toll the AEDPA statute of limitations.  The state district court dismissed the petition as untimely.  Exhibit 23.  The Nevada Supreme Court also held that petitioner's state habeas petition was untimely pursuant to NRS 34.726 and that petitioner failed to demonstrate good cause for the delay in filing his petition.  Exhibit 28.  Thus, the state habeas petition was not a "properly filed application" that would toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo,* 544 U.S. at 412-16.  Further, the court notes that petitioner's state post-conviction habeas petition was after the expiration of the AEDPA's statute of limitations.  An application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).  Thus, petitioner is not entitled to statutory tolling during the pendency of his state habeas petition, and the federal habeas petition is untimely.

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 560 U.S. at 650.  The petitioner bears the burden of demonstrating that he is entitled to equitable tolling.  *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).  "[A] petitioner

-4-

must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). "[A] garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a [litigant] to miss a filing deadline . . . does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (internal quotations omitted). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner has failed to make any showing that he pursued his rights diligently and that any extraordinary circumstance prevented him from filing a timely federal petition. He is not entitled to equitable tolling, and the petition must be dismissed as untimely.

**III. Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this court's dismissal of the petition debatable or wrong. The court therefore denies petitioner a certificate of appealability.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's "motion of points and authorities" (Doc. 11) is construed as an opposition to the motion to dismiss. The Clerk shall terminate the motion at Doc. 11 in the CM/ECF docket.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (Doc. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 22nd day of January, 2015.

_____
Jennifer Dorsey
United States District Judge